THE STATE ex rel. SHERWOOD,

*vs.*

CHAS. H. LARRABEE, Judge 3d Circuit.

This court will not interfere to compel a private individual, who, by consent of parties, presided at the trial of a cause, to settle or sign a bill of exceptions; nor to compel the judge in whose stead the private individual presided, to settle or sign exceptions, he having returned that he knows nothing of the facts, but will leave the parties to the legal consequences of their own acts.

This was an application for a mandamus to compel the respondent to settle and sign a bill of exceptions. The facts as they were disclosed by the return to the alternative writ, are stated in the opinion.

*By the Court*, SMITH, J. From the return to the alternative writ issued in this case, it appears that at the September term, 1853, the Circuit Court of Columbia county, the case of *Henry Merrill vs. David F. Smith* then pending in said court, came on to be tried, and was tried, before one William H. Clarke, by consent of the counsel on both sides, sitting as judge, who, after the evidence, non-suited the plaintiff. Various exceptions were taken during the trial, as well as to the final decision of the said Clarke so sitting as judge, but were not at the time reduced to writing and signed by him or by judge Larrabee, the judge of that circuit.

The respondent also returned, that it is impossible for him to settle the bill of exceptions, as he does not know what took place on the trial, but that he will sign any bill which the counsel will agree upon, or which Mr. Clarke will certify to be correct. More

than this we cannot require of the circuit judge. It seems he once, at his own expense, procured the attendance of Mr. Clarke at Portage City, to enable the counsel to settle the bill, but for some reason it was not done.

If counsel consent to the trial of their causes in the manner in which this was tried, they must either have their bill of exceptions perfected at the time or take their chances for its ultimate accomplishment; this court will not interfere. We have nothing to say as to the practice adopted in this case, but it will be perceived that this court will not use the writ of mandamus, either to compel the judge to settle a bill of exceptions of the truth of which he knows nothing, or to coerce a private individual to perform ministerial or judicial functions for which he has no constitutional or legal authority. The parties must be left to the legal consequences of their own acts.

Mandamus denied, with costs.